UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARVIN CASTRO SANTOS**                                  **CIVIL ACTION**

**VERSUS**                                                **NO. 16-598-BAJ-EWD**

**MAJOR CRAIG WHITE, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 20, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARVIN CASTRO SANTOS**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　**NO. 16-598-BAJ-EWD**

**MAJOR CRAIG WHITE, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Stay Proceedings, filed by Major Craig White, Sergeant Willie Washington, Captain John Wells, Colonel Allen Verret, Captain Billy Verret, Lieutenant Jarod Verret and Lieutenant Troy Rogers (collectively, "Defendants").[1] The Motion is opposed by plaintiff, Darvin Castro Santos.[2] For the following reasons, the undersigned recommends[3] that the Motion be **GRANTED** and that this matter be **STAYED** until resolution of the related criminal proceeding pending in state court. It is further recommended that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

**Factual and Procedural Background**

Plaintiff, an inmate at Louisiana State Penitentiary at Angola, filed this action on September 10, 2016, for injuries sustained by him as a result of alleged excessive force and failure to intervene in violation of 42 U.S.C. § 1983, as well as Louisiana state law.[4] Plaintiff claims that on January 28, 2016, while he was an inmate at Elayn Hunt Correctional Center, he witnessed six

---

[1] R. Doc. 22.
[2] R. Doc. 23.
[3] The Motion to Stay was referred to the undersigned for a report and recommendation on May 11, 2017. R. Doc. 24.
[4] R. Doc. 1.

guards (the Defendants) beating another inmate, Charlie Morris.[5] Plaintiff claims that when he told the Defendants to stop, the Defendants jumped on him and started hitting and kicking him. According to Plaintiff, Col. Verret grabbed Plaintiff by the throat and choked him while Capt. Verret, Lt. Verret, Major White and Capt. Wells hit Plaintiff with their fists and radios and forcefully restrained Plaintiff with handcuffs.[6] Plaintiff claims that the Defendants dragged him from D Tier Fox 6 to Beaver 2-C unit, "while hitting him and banging his head on the poles in the walkway."[7] Plaintiff alleges that Defendants threw him against two metal doors and beat him a second time as Defendants continued to drag Plaintiff to Beaver 2-C Tier unit.

Plaintiff asserts that once they arrived at Beaver 2-C Tier, he was placed in the shower by Lt. Rogers. After an extended period of time, Plaintiff asserts that Capt. Wells and Sgt. Washington ordered Plaintiff to "come to the bars," at which point Capt. Wells sprayed Plaintiff in the face with pepper spray while making racially charged statements.[8] Plaintiff alleges that Sgt. Washington subsequently removed Plaintiff's handcuffs and leg irons, after which Capt. Wells ordered Plaintiff to remove his clothing. Plaintiff claims that after he removed his clothing, Capt. Wells sprayed Plaintiff's genitals and anus with pepper spray.[9] Plaintiff asserts that he immediately rushed toward the shower faucet to "stop the burning," but that Capt. Wells ordered Plaintiff to turn the shower off and gave Plaintiff a jumpsuit. After Plaintiff put the jumpsuit on, Capt. Wells allegedly ordered Sgt. Washington to put Plaintiff back in the handcuffs and leg irons. Plaintiff claims that he was then escorted by Capt. Wells and Lt. Rogers to an area between Beaver 1 and Beaver 2 units, where Capt. Wells allegedly pulled out a folded knife and threatened to kill

---

[5] R. Doc. 1 at ¶ 7.
[6] R. Doc. 1 at ¶¶ 8-9.
[7] *Id.* at ¶ 10.
[8] *Id.* at ¶¶ 11-16.
[9] *Id.* at ¶¶ 17-20.

3

Plaintiff.[10]  Plaintiff alleges that Capt. Wells cut Plaintiff's hand with the knife and that Lt. Rogers subsequently drove Plaintiff to the diagnostic center, where EMT's cleaned Plaintiff's face but refused to stitch his hand or face, "in order to keep the injuries off the record to help hide the fact that [Plaintiff] had been beaten."[11]  Although several investigators took pictures of Plaintiff's physical condition, Plaintiff claims that he never received pain medication or antibiotics for his injuries.  After the incident, Plaintiff claims that he was placed "in the Dungeon" for seven days without a shower, until he was transferred to Angola on February 17, 2016.[12]

On February 16, 2017, Defendants filed an Answer, denying the allegations in the Complaint.[13]  On May 1, 2017, Defendants filed the instant Motion to Stay Proceedings, asserting that Plaintiff has been charged with five (5) counts of Battery of a Correctional Employee, La. R.S. 14:34.5, arising out of the January 28, 2016 incident that forms the basis of Plaintiff's Complaint in this matter.[14]  Defendants claim that the criminal charges are currently pending in the Eighteenth Judicial District Court, Parish of Iberville, State of Louisiana.[15]  Defendants contend that if Plaintiff is ultimately convicted of these criminal charges, Plaintiff's claims of excessive use of force will be barred by the *Heck* doctrine, which prohibits civil rights actions that would necessarily imply the invalidity of Plaintiff's criminal conviction.[16]  As such, Defendants ask this Court to stay these proceedings until a final determination is reached as to the criminal charges currently pending against Plaintiff in state court.

---

[10] *Id.* at ¶¶ 25-26.
[11] *Id.* at ¶¶ 31-32.
[12] *Id.* at ¶ 38.
[13] R. Doc. 20.  A review of the record shows that the Defendants were not served with a copy of the Complaint until December 13, 2016.  *See*, R. Docs. 13-19.
[14] R. Doc. 22 at ¶ 3.
[15] R. Doc. 22 at ¶ 3, n. 3.
[16] *Id.* at ¶ 4 (citing *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)).

4

Plaintiff originally opposed the Motion to Stay on the basis that Defendants have not provided "[a] Bill of Information, indictment or affidavit of probable cause . . . to prove any overlap in this case with a criminal proceeding."[17] Plaintiff argues that even if he is convicted of a battery charge, if the Defendants used excessive or unnecessary force after Plaintiff's alleged attack on the Defendants, any claims for excessive force used after that point would not be barred by *Heck*.[18]

Because the Defendants did not provide sufficient information for the Court to determine whether the criminal charges pending against Plaintiff arise out of the same incident that forms the basis of Plaintiff's Complaint, the undersigned issued a Notice and Order on July 3, 2017, ordering Defendants to file the charging document(s) related to the criminal charges pending against Plaintiff in the Eighteenth Judicial District Court, Parish of Iberville, State of Louisiana.[19]

On July 6, 2017, Defendants filed a Notice of Compliance,[20] which includes a copy of the Bill of Information filed on May 25, 2016 by Assistant District Attorney Richard J. Ward, Jr.,[21] as ordered by the Court, and a Supplemental Memorandum in Support of Motion to Stay Proceedings (the "Supplemental Memorandum").[22] The Bill of Information states that on January 28, 2016, Plaintiff committed a battery on "Capt. Verrett" by hitting him with a closed fist, Plaintiff committed batteries upon Lt. Martel and Sgt. Collins[23] by spitting blood in their faces, and Plaintiff committed batteries upon Major White and "Col. Verrett" by spitting on them.[24] In the Supplemental Memorandum, Defendants argue that Plaintiff's criminal charges are "due to

---

[17] R. Doc. 23 at p. 2.
[18] *Id*. at pp. 1-2.
[19] R. Doc. 27.
[20] R. Doc. 28.
[21] R. Doc. 28-1.
[22] R. Doc. 28-2.
[23] No first name is provided for Lt. Martel or Sgt. Collins in the Bill of Information and neither officer is named as a defendant in this matter.
[24] R. Doc. 28-1 at p. 2. The Bill of Information refers to "Capt. Verrett" and "Col. Verrett." The Complaint names "Captain Billy Verret" and "Colonel Allen Verret" as defendants in this matter. The Complaint also names Major Craig White as a defendant. *See*, R. Doc. 1.

5

Plaintiff's actions in the incident on January 28, 2016 that forms the basis of Plaintiff's *Complaint*."[25] Defendants assert that, "The crucial aspect of these criminal charges set forth in the Bill of Information regards the striking of Capt. Verret with a closed fist" and the fact "that "Plaintiff makes no factual allegations that he struck Capt. Verret with a closed fist at any time during this incident, for self-defense or otherwise."[26] Defendants then cite *Hudson v. Hughes*, a case in which the Fifth Circuit noted that, "In Louisiana, self-defense is a justification defense to the crime of battery of an officer." 98 F.3d 868, 873 (5th Cir. 1996). Relying upon *Hudson*, Defendants argue that success on Plaintiff's excessive force claims would necessarily imply the invalidity of Plaintiff's arrest and conviction for battery of an officer. According to Defendants, "This is because if the officers are found to have used excessive force, rather than applying reasonable force, the Plaintiff would have been justified, through self-defense, in resisting such use of excessive force."[27]

In response, Plaintiff asserts that Defendants have failed to show any factual overlap between the allegations in the Complaint and the criminal charges in the Bill of Information.[28] Plaintiff points out that while the Bill of Information states that the batteries occurred on January 28, 2016, there is no indication as to whether the batteries occurred before, during or after the officers allegedly used excessive force against Plaintiff. Because the Complaint alleges that Capt. Verret began hitting Plaintiff after Plaintiff was handcuffed,[29] Plaintiff asserts that the only time he could have hit Capt. Verret was before Plaintiff was placed in handcuffs. Thus, Plaintiff argues that if he did hit Capt. Verret, Capt. Verret's use of excessive force was likely retaliatory and

---

[25] R. Doc. 28-2 at p. 1 (emphasis in original).
[26] R. Doc. 28-2 at p. 2.
[27] R. Doc. 28-2 at p.2.
[28] R. Doc. 29.
[29] R. Doc. 29 at pp. 1-2 (*citing* R. Doc. 1 at ¶¶ 8-12).

6

Plaintiff's conviction for battery of an officer would not necessarily be invalidated if Plaintiff is successful on his excessive force claim.

Plaintiff makes the same arguments with respect to Major White and Col. Verret, pointing out that there is no indication in the Bill of Information as to when Plaintiff allegedly spit on the officers or whether the spitting occurred before, during or after the officers allegedly used excessive force against Plaintiff. Plaintiff argues that if he spit on the officers before or after the officers used excessive force against him, then a conviction for battery of an officer would not necessarily be invalidated by a finding that Major White or Col. Verret used excessive force against Plaintiff. Plaintiff further asserts that the remaining defendants, Capt. John Wells, Sgt. Willie Washington, Lt. Jarod Verret and Lt. Troy Rogers, have made no showing that they are entitled to a stay of these proceedings under *Heck*.

**Applicable Law and Analysis**

In *Heck v. Humphrey*, the Supreme Court held that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The Supreme Court further held, "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Thus, "A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citing *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994)). Further, "[T]he *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges." *Collier v. Roberts*, Civ. A. No. 13-425, 2013 WL 5671154, at *2 (M.D. La. Oct. 15, 2013) (citing *Wallace*

7

*v. Kato*, 549 U.S. 384, 393-94, 127 S.Ct. 1091, 1097-98 (2007)). In *Wallace*, the Supreme Court held:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. at 393-94, 127 S.Ct. at 1098. The Supreme Court further held that, "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394, 127 S.Ct. at 1098 (citing *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S. at 487, 114 S.Ct. 2364).

In *Hudson v. Hughes*, the Fifth Circuit held that an inmate could not maintain a § 1983 action alleging false arrest and excessive force where the action, if successful, would render invalid the inmate's convictions for battery of an officer and felon in possession of a firearm. 98 F.3d 868 (5th Cir. 1996). The Fifth Circuit pointed out that, "In Louisiana, self-defense is a justification defense to the crime of battery of an officer." *Id*. at 873. The Fifth Circuit found that, "To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself." *Id*. (citing *Louisiana v. Blancaneaux,* 535 So.2d 1341, 1342 (La. App. 5 Cir. 1988)). The Fifth Circuit held that because self-defense is a justification defense to the crime of battery of an officer, the inmate's claim that the defendants used excessive force while apprehending him, if proved, would necessarily imply the invalidity of his arrest and conviction for battery of an officer. *Hudson*, 98 F.3d at 873. The Fifth Circuit reasoned that "the question whether the police applied reasonable force in arresting him depends in part on the degree of his

8

resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction." *Id*.

As explained by the Fifth Circuit in *Bush v. Strain*, the question of whether *Heck* bars § 1983 excessive force claims "is analytical and fact-intensive, requiring us to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." 513 F.3d 492, 497 (5th Cir. 2008) (citing *Ballard v. Burton*, 444 F.3d 391, 400-01 (5th Cir. 2006)). In *Bush*, the Fifth Circuit further explained that, "a § 1983 claim would not necessarily imply the invalidity of a resisting arrest conviction, and therefore would not be barred by *Heck*, if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim." 513 F.3d at 498. As such, "a claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance." *Id*. (citing authority).

In the instant case, Plaintiff is charged with five (5) counts of Battery of a Correctional Facility Employee in violation of La. R.S. 14:34.5, which batteries allegedly occurred on January 28, 2016.[30] According to the Bill of Information, Plaintiff committed a battery on Capt. Verret by "hitting him with a closed fist" and Plaintiff committed a battery upon Major White and Col. Verret by "spitting on" each of them.[31] Although the Bill of Information does not contain any additional information regarding the alleged batteries, Defendants assert that the criminal charges are "due to Plaintiff's actions in the incident on January 28, 2016 that forms the basis of Plaintiff's

---

[30] R. Doc. 28-1 at pp. 2-3.
[31] R. Doc. 28-1 at p. 2.

9

*Complaint*."[32]  As Plaintiff points out, however, the Bill of Information is silent as to whether the alleged batteries occurred before, during or after the Defendants used excessive force against Plaintiff, as alleged in the Complaint.  Thus, it is unclear from the face of the Bill of Information whether a conviction of Plaintiff on the criminal charges would necessarily be implicated by the claims in Plaintiff's Complaint.

Defendants also rely on the Fifth Circuit's decision in *Hudson v. Hughes* to argue that the *Heck* doctrine bars Plaintiff's excessive force claims.  Defendants contend that under *Hudson*, success on Plaintiff's excessive force claims would necessarily imply the invalidity of Plaintiff's conviction on the battery charges because Plaintiff would have been justified in acting in self-defense to resist such use of excessive force.[33]  This argument, however, presupposes that Plaintiff committed the batteries in self-defense *after* the Defendants allegedly used excessive force against Plaintiff.[34]  Plaintiff argues that because the Complaint alleges that he was restrained when the Defendants allegedly used excessive force against him, the only time that Plaintiff could have hit Capt. Verret was before Plaintiff was handcuffed and before Capt. Verret used excessive force against him.  Plaintiff contends that the Court does not have sufficient facts to determine whether a judgment in favor of Plaintiff on his excessive force claim against Capt. Verret would necessarily invalidate a conviction on the battery charge.  Plaintiff similarly asserts that if he spit on Major White or Col. Verret either before or after those officers used excessive force against him, then Plaintiff's excessive force claims would not necessarily implicate the validity of any potential conviction on his battery charges.  As such, Plaintiff argues that Defendants have not shown that they are entitled to a *Heck* stay pending the ongoing criminal charges.

---

[32] R. Doc. 28-2 at p. 1 (emphasis in original).
[33] R. Doc. 28-2 at p. 2 (citing *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)).
[34] The undersigned also notes the Defendants have not provided any information to suggest that Plaintiff has even asserted self-defense as a defense in the criminal matter.

When faced with uncertainty regarding whether adjudication of a § 1983 claim will impact a potential criminal conviction, courts in this Circuit have concluded that the civil proceeding should be stayed until the pending criminal case has run its course. *See, Billiot v. Beavers,* Civ. A. No. 12-2946, 2015 WL 4397108, at *2 (E.D. La. July 13, 2015) (citing *Guillory v. Wheeler*, 303 F. Supp. 2d 808 (M.D. La. 2004) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)); *Quinn v. Guerrero*, Civ. A. No. 4:09–CV–166, 2010 WL 412901 at *2 (E.D. Tex. Jan. 28, 2010); *Busick v. City of Madison Mississippi*, 90 Fed. App'x 713, 713–14 (5th Cir. 2004) (per curiam) (holding that where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff has received or might receive because of ongoing criminal proceedings, the district court should have stayed the civil proceedings pending resolution of the criminal charges against plaintiff)).

In *Mackey v. Dickson*, the plaintiff filed § 1983 claims attacking the constitutionality of his arrests before it was clear whether he had been tried or convicted in his criminal case. 47 F.3d 744, 745-46 (5th Cir. 1995). The district court dismissed plaintiff's claims under *Heck*. *Id*. at 745. The Fifth Circuit reversed, concluding that it was "simply premature to determine whether or not Mackey's damage claims are barred under *Heck*," since it was unclear how Plaintiff's criminal case would be impacted by his § 1983 claims. *Id*. at 746. The Fifth Circuit explained that, "If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction." *Id*. However, the court further explained that if plaintiff were convicted and the prosecution presented evidence that was a direct or indirect

11

product of his arrests, then plaintiff's § 1983 claims would undermine the validity of his conviction and should be barred by *Heck*. *Id*. In vacating the dismissal and remanding the case to the district court, the Fifth Circuit concluded that, "The court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *Id*.

This Court reached the same conclusion in *Guillory v. Wheeler*, 303 F. Supp. 2d 808 (M.D. La. 2004). The plaintiff in *Guillory* had alleged that he was verbally and physically assaulted, without provocation, by the defendant police officer. The plaintiff further alleged that in an attempt to cover up the beating, he was charged with battery of a police officer in violation of La. R.S. 14:43.2. *Id*. at 809. After addressing the rationale behind *Heck*, this Court found that, "prohibiting the plaintiff from proceeding with his section 1983 claims prior to the resolution of the pending criminal charge prevents the plaintiff from obtaining through discovery in the civil action information he could not obtain in the criminal case." *Id*. at 810. This Court then discussed the Fifth Circuit's decision in *Mackey* and concluded that, "Similarly to *Mackey*, the court cannot determine at this time how the plaintiff's excessive force claim would be affected by a criminal conviction. It may not be possible to determine what effect, if any, the conviction would have without considering the evidence offered at the criminal trial." *Id*. at 81 (citing *Mackey*, 47 F.3d 744). As such, this Court held, "In the circumstances of this case, the better course is to proceed as strongly suggested by the Fifth Circuit Court of Appeals—to stay proceedings in this case until the pending criminal case has run its course." *Id*. The case was ultimately stayed pending resolution of the criminal charge against the plaintiff. *Id*. *See also, Williams v. Jones*, Civ. A. No. 07-2148, 2008 WL 2704848, at *10 (W.D. La. May 16, 2008) ("the Fifth Circuit's cautious approach, that is, the use of a stay as opposed to a dismissal, has been deemed appropriate in those

instances where there exists uncertainty as to whether a victory in the civil rights suit would impact the pending criminal prosecution.").

The Western District of Louisiana has actually gone further since its ruling in *Williams*, *supra*, and has concluded that uncertainty regarding how a potential criminal conviction will impact a plaintiff's § 1983 claims must be resolved in favor of finding the § 1983 claims barred by *Heck*. *See, Pappillion v. Dixon,* Civ. A. No. 07-cv-2162, 2009 WL 3483312 (W.D. La. Oct. 28, 2009). In *Pappillion*, the plaintiff filed a § 1983 claim for damages, alleging that police officers used excessive force during his arrest for "stolen vehicle, attempting to disarm a police officer, [and] 2nd degree battery." 2009 WL 3483312, at *1-2. After quoting extensively from this Court's opinion in *Guillory*, the *Pappillion* court concluded that it could not determine how plaintiff's excessive force claim would be impacted by a criminal conviction on the charges of attempting to disarm a police officer and second degree battery. 2009 WL 3483312, at *6. The *Pappillion* court explained that the issue of whether force was used only while the officers were in the process of subduing plaintiff or after plaintiff had been subdued was "clearly disputed." *Id*. The district court further explained that, "This Court cannot rule out the possibility that excessive force was used on plaintiff after his alleged battery on the officer and after he was no longer resisting arrest." *Id*. The district court found that, "It may not be possible to determine what effect, if any, the conviction would have without considering the evidence offered at the criminal trial." *Id*. Thus, the *Pappillion* court concluded that, "under the circumstances of this case, the claims against defendants Atkinson and Sawyer should be dismissed until the pending criminal case has run its course." *Id*.

As in the foregoing cases, it is unclear at this point whether Plaintiff's excessive force claims necessarily implicate the validity of any conviction or sentence that Plaintiff may receive

13

on the battery charges. *See*, *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). The parties dispute whether the alleged batteries occurred before, during or after the Defendants used excessive force against the Plaintiff, as alleged in the Complaint. Like in *Pappillion*, this Court cannot rule out the possibility that the Defendants used excessive force against Plaintiff *after* Plaintiff's alleged battery on the officers, in which case Plaintiff could not assert that the batteries were committed in self-defense. Thus, if Plaintiff is convicted on the battery charges and does not allege that the batteries were committed in self-defense, it is difficult to see how the convictions would be inconsistent with Plaintiff's excessive force claims. However, if Plaintiff asserts that the batteries were committed in self-defense due to the Defendants' use of excessive force, then success on the excessive force claims would necessarily imply the invalidity of any convictions on the battery charges. Therefore, out of an abundance of caution, a stay of this matter is warranted while the criminal charges are pending in state court.

Although only three of the seven defendants are mentioned in the Bill of Information, courts in this Circuit have previously stayed an entire proceeding pending resolution of a plaintiff's criminal charges, even when the charges do not involve all of the defendants. *See, Jones v. Montgomery*, Civ. A. No. 3:11-cv-1321, 2011 WL 6003950 (W.D. La. Oct. 25, 2011) (staying "plaintiff's excessive force complaint" against three prison officials pending resolution of plaintiff's criminal charge for battery of one of the officials); *Pappillion v. Dixon,* Civ. A. No. 07-cv-2162, 2009 WL 3483312 (W.D. La. Oct. 28, 2009) (dismissing without prejudice the plaintiff's excessive force claims against two police officers pending resolution of the plaintiff's criminal charges for attempting to disarm a police officer and second degree battery, which involved only one of the officers); *Guillory v. Wheeler*, 303 F. Supp. 2d 808 (M.D. La. 2004) (staying a case brought against several police officers and a village pending resolution of the plaintiff's pending

14

criminal charge for battery of one of the police officers). A stay of the entire proceeding is also consistent with this Court's "wide discretion to control the course of litigation," which includes the authority to stay a pending matter. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (citations omitted). Further, in the interest of judicial efficiency, a stay of the entire proceeding is appropriate so that all of the claims can proceed together.

## Conclusion

At this time, it is unclear how the Plaintiff's § 1983 excessive force claims would be affected by a criminal conviction on the charges of Battery of a Correctional Officer under La. R.S. 14:34.5 that are currently pending in state court. The Fifth Circuit has instructed that when there is uncertainty regarding whether § 1983 claims would necessarily implicate the validity of a potential criminal conviction, the civil proceedings should be stayed pursuant to *Heck* pending the resolution of the criminal charges in state court. *See*, *Mackey v. Dickson*, 47 F.3d 744, 745-46 (5th Cir. 1995); *Busick v. City of Madison Mississippi*, 90 Fed. App'x 713, 713–14 (5th Cir. 2004).

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the Motion to Stay Proceedings,[35] filed by Major Craig White, Sgt. Willie Washington, Capt. John Wells, Col. Allen Verret, Capt. Billy Verret, Lt. Jarod Verret and Lt. Troy Rogers (collectively, "Defendants") should be **GRANTED** and this matter should be **STAYED** in its entirety until the criminal proceeding against Plaintiff is completed, subject to the following condition: within thirty (30) days of the date that the state court criminal proceeding has concluded, Plaintiff shall file a motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit. *See*, *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

---

[35] R. Doc. 22.

It is also the recommendation of the Magistrate Judge that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

Signed in Baton Rouge, Louisiana, on October 20, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**