# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARVIN CASTRO SANTOS** | **CIVIL ACTION** |
| **VERSUS** | |
| **CRAIG WHITE, ET AL.** | **NO.: 16-00598-BAJ-EWD** |

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 33)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses the Motion to Stay (Doc. 22), filed by Defendants Major Craig White, Sergeant Willie Washington, Captain John Wells, Colonel Allen Verret, Captain Billy Verret, Lieutenant Jarod Verret, and Lieutenant Troy Rogers. The Motion to Stay is opposed by Plaintiff, Darvin Castro Santos. (Doc. 23). Neither party objected to the Report and Recommendation.

The Magistrate Judge recommended that Defendants' Motion to Stay be granted and the matter stayed until resolution of the related criminal proceeding pending in state court. (Doc. 33 at p. 2). The Magistrate Judge further recommended that the Clerk of Court close the above-captioned civil case for administrative and statistical purposes, pending further order from the Court. (*Id.*). For the reasons that follow, the Court adopts the Report and Recommendation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, an inmate at Louisiana State Penitentiary at Angola, filed this action on September 10, 2016, for injuries sustained by him as a result of alleged excessive force and failure to intervene in violation of 42 U.S.C. § 1983, as well as Louisiana state law. (Doc. 1). Plaintiff claims that on January 28, 2016, while he was an inmate at Elayn Hunt Correctional Center, he witnessed six guards (the Defendants) beating another inmate, Charlie Morris. (Doc. 1 at ¶ 7). Plaintiff claims that when he told the Defendants to stop, the Defendants jumped on him and started hitting and kicking him. (*Id*.). According to Plaintiff, Col. Verret grabbed him by the throat and choked him while Capt. Verret, Lt. Verret, Major White, and Capt. Wells hit him with their fists and radios and forcefully restrained him with handcuffs. (Doc. 1 at ¶¶ 8–9). Plaintiff claims that Defendants dragged him from D Tier Fox 6 to Beaver 2-C unit, "while hitting him and banging his head on the poles in the walkway." (*Id*. at ¶ 10). Plaintiff alleges that Defendants threw him against two metal doors and beat him a second time as Defendants continued to drag him to Beaver 2-C Tier unit. (*Id*.).

Plaintiff asserts that once they arrived at Beaver 2-C Tier, he was placed in the shower by Lt. Rogers. (*Id*.). After an extended period of time, Plaintiff asserts that Capt. Wells and Sgt. Washington ordered him to "come to the bars," at which point Capt. Wells sprayed him in the face with pepper spray while making racially charged statements. (*Id*. at ¶¶ 11–16). Plaintiff alleges that Sgt. Washington subsequently removed his handcuffs and leg irons, after which Capt. Wells ordered him to remove his clothing. (*Id*.). Plaintiff claims that after he complied with the orders and removed his clothing, Capt. Wells sprayed his genitals and anus with pepper spray. (*Id*. at ¶¶

2

17–20). Plaintiff asserts that he immediately rushed toward the shower faucet to "stop the burning," but Capt. Wells ordered him to turn the shower off. (*Id.*). Capt. Wells allegedly then gave him a jumpsuit. (*Id.*). After Plaintiff put the jumpsuit on, Capt. Wells allegedly ordered Sgt. Washington to put Plaintiff back in the handcuffs and leg irons. (*Id.*). Plaintiff claims that he was then escorted by Capt. Wells and Lt. Rogers to an area between Beaver 1 and Beaver 2 units, where Capt. Wells allegedly pulled out a folded knife and threatened to kill him. (*Id.* at ¶¶ 26–26). Plaintiff alleges that Capt. Wells cut his hand with the knife and that Lt. Rogers subsequently drove him to the diagnostic center, where EMT's cleaned his face but refused to stitch his hand or face, "in order to keep the injuries off the record to help hide the fact that [Plaintiff] had been beaten." (*Id.* at ¶¶ 31–32). Although several investigators took pictures of Plaintiff's physical condition, Plaintiff claims that he never received pain medication or antibiotics for his injuries. (*Id.*). After the incident, Plaintiff claims that he was placed "in the Dungeon" for seven days without a shower, until he was transferred to Angola on February 17, 2016. (*Id.* at ¶ 38).

On May 1, 2017, Defendants filed a Motion to Stay Proceedings, asserting that Plaintiff has been charged with five (5) counts of Battery of a Correctional Employee, La. R.S. 14:34.5, arising out of the January 28, 2016, incident that forms the basis of Plaintiff's Complaint in this matter. (Doc. 22 at ¶ 3). Defendants claim that the criminal charges are currently pending in the Eighteenth Judicial District Court, Parish of Iberville, State of Louisiana. (*Id.* at ¶ 3, n. 3). Defendants contend that if Plaintiff is ultimately convicted of these criminal charges, Plaintiff's claims of

excessive use of force will be barred by the *Heck* doctrine,[1] which prohibits civil rights actions that would necessarily imply the invalidity of Plaintiff's criminal conviction. (*Id.* at ¶ 4). As such, Defendants seek a stay of these proceedings until a final determination is reached as to the criminal charges currently pending against Plaintiff in state court. (*Id.*).

### A. Motion to Stay

Plaintiff originally opposed the Motion to Stay on the basis that Defendants have not provided "[a] Bill of Information, indictment or affidavit of probable cause . . . to prove any overlap in this case with a criminal proceeding." (Doc. 23 at p. 2). Plaintiff argues that even if he is convicted of a battery charge, if Defendants used excessive or unnecessary force after Plaintiff's alleged attack on Defendants, any claims for excessive force used after that point would not be barred by *Heck*. (*Id.* at pp. 1–2).

Because the Defendants did not provide sufficient information for the Court to determine whether the criminal charges pending against Plaintiff arise out of the same incident that forms the basis of Plaintiff's Complaint, the Magistrate Judge issued a Notice and Order on July 3, 2017, ordering Defendants to file the charging document(s) related to the criminal charges pending against Plaintiff. (Doc. 27).

On July 6, 2017, Defendants filed a Notice of Compliance, (Doc. 28) which includes a copy of the Bill of Information filed on May 25, 2016, by an assistant district attorney (Doc. 28-1) and a Supplemental Memorandum in Support of Motion to Stay Proceedings (the "Supplemental Memorandum"). (Doc. 28-2). The Bill of Information states that on January 28, 2016, Plaintiff committed a battery on "Capt. Verrett" by

---

[1] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

4

hitting him with a closed fist, Plaintiff committed a battery upon Lt. Martel and Sgt. Collins[2] by spitting blood in their faces, and Plaintiff committed a battery upon Major White and "Col. Verrett" by spitting on them.[3] (Doc. 28-1 at p. 2). In the Supplemental Memorandum, Defendants argue that Plaintiff's criminal charges are "due to Plaintiff's actions in the incident on January 28, 2016, that forms the basis of Plaintiff's *Complaint*." (Doc. 28-2 at p. 1). Defendants assert that, "[t]he crucial aspect of these criminal charges set forth in the Bill of Information regards the striking of Capt. Verret with a closed fist" and the fact that "Plaintiff makes no factual allegations that he struck Capt. Verret with a closed fist at any time during this incident, for self-defense or otherwise."[4] (Doc. 28-2 at p. 2).

In response, Plaintiff asserts that Defendants have failed to show any factual overlap between the allegations in the Complaint and the criminal charges in the Bill of Information. (Doc. 29). Plaintiff points out that while the Bill of Information states that the offenses occurred on January 28, 2016, there is no indication as to whether the offenses occurred before, during or after the officers allegedly used excessive force against Plaintiff. (*Id.*). Because the Complaint alleges

---

[2] No first name is provided for Lt. Martel or Sgt. Collins in the Bill of Information and neither officer is named as a Defendant in this matter.

[3] The Bill of Information refers to "Capt. Verrett" and "Col. Verrett." The Complaint names "Captain Billy Verret" and "Colonel Allen Verret" as Defendants in this matter. The Complaint also names Major Craig White as a Defendant. (Doc. 1).

[4] Defendants cite *Hudson v. Hughes*, a case in which the United States Court of Appeals for the Fifth Circuit noted that, "In Louisiana, self-defense is a justification defense to the crime of battery of an officer." 98 F.3d 868, 873 (5th Cir. 1996). Relying upon *Hudson*, Defendants argue that success on Plaintiff's excessive force claims would necessarily imply the invalidity of Plaintiff's arrest and conviction for battery of an officer. (Doc. 28-2 at p. 2). According to Defendants, "This is because if the officers are found to have used excessive force, rather than applying reasonable force, the Plaintiff would have been justified, through self-defense, in resisting such use of excessive force." (*Id.*).

5

that Capt. Verret began hitting Plaintiff after Plaintiff was handcuffed, Plaintiff asserts that the only time he could have hit Capt. Verret was before Plaintiff was placed in handcuffs. (Doc. 29 at pp. 1–2) (citing Doc. 1 at ¶¶ 8–12). Thus, Plaintiff argues that if he did hit Capt. Verret, Capt. Verret's use of excessive force was likely retaliatory and Plaintiff's conviction for battery of an officer would not necessarily be invalidated if Plaintiff is successful on his excessive force claim. (*Id.*). Plaintiff makes the same arguments with respect to Major White and Col. Verret, and asserts that the remaining Defendants, Capt. John Wells, Sgt. Willie Washington, Lt. Jarod Verret and Lt. Troy Rogers, have made no showing that they are entitled to a stay of these proceedings under *Heck*. (*Id.*).

## II. APPLICABLE LAW AND ANALYSIS

In *Heck v. Humphrey*, the Supreme Court held that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994). The Supreme Court further held, "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Thus, "A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citing *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994)). Further, "[T]he *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges." *Collier v. Roberts*, 2013 WL 5671154, at *2 (M.D. La. October 15, 2013) (citing *Wallace*

*v. Kato*, 549 U.S. 384, 393-94 (2007)). In *Wallace*, the Supreme Court held:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. at 393-94. The Supreme Court further held that, "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394 (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck*, 512 U.S. at 487). *See also Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996) (holding that an inmate may not maintain a § 1983 action alleging false arrest and excessive force where the action, if successful, would render invalid the inmate's convictions for battery of an officer).

In the instant case, Plaintiff is charged with five (5) counts of Battery of a Correctional Facility Employee in violation of La. R.S. 14:34.5, which offenses allegedly occurred on January 28, 2016. (Doc. 28-1 at pp. 2–3). According to the Bill of Information, Plaintiff committed a battery on Capt. Verret by "hitting him with a closed fist" and Plaintiff committed a battery upon Major White and Col. Verret by "spitting on" each of them. (*Id.* at p. 2). Although the Bill of Information does not contain any additional information regarding the alleged offenses, Defendants assert that the criminal charges are "due to Plaintiff's actions in the incident on January 28, 2016, that forms the basis of Plaintiff's *Complaint* (sic)." (Doc. 28-2 at p. 1). As Plaintiff points out, however, the Bill of Information is silent as to whether the alleged

7

offenses occurred before, during or after the Defendants used excessive force against Plaintiff, as alleged in the Complaint. Thus, it is unclear from the face of the Bill of Information whether a conviction of Plaintiff on the criminal charges would necessarily be implicated by the claims in Plaintiff's Complaint.

Defendants rely on the United States Court of Appeals for the Fifth Circuit's decision in *Hudson v. Hughes* to argue that the *Heck* doctrine bars Plaintiff's excessive force claims. Defendants contend that under *Hudson*, success on Plaintiff's excessive force claims would necessarily imply the invalidity of Plaintiff's conviction on the battery charges because Plaintiff would have been justified in acting in self-defense to resist such use of excessive force. (*Id.* at p. 2). This argument, however, presupposes that Plaintiff committed the battery in self-defense *after* the Defendants allegedly used excessive force against Plaintiff.[5] Plaintiff argues that because the Complaint alleges that he was restrained when the Defendants allegedly used excessive force against him, the only time Plaintiff could have hit Capt. Verret was before Plaintiff was handcuffed and before Capt. Verret used excessive force against him. (Doc. 29 at pp. 1–2). Plaintiff contends that the Court does not have sufficient facts to determine whether a judgment in favor of Plaintiff on his excessive force claim against Capt. Verret would necessarily invalidate a conviction on the battery charge. (*Id.*). Plaintiff similarly asserts that if he spit on Major White or Col. Verret either before or after those officers used excessive force against him, then Plaintiff's excessive force claims would not necessarily implicate the validity of any

---

[5] The Court notes that Defendants have not provided any information to suggest that Plaintiff has asserted the doctrine of self-defense as a defense in the criminal matter.

potential conviction on his battery charges. (*Id.*). As such, Plaintiff argues that Defendants have not shown that they are entitled to a *Heck* stay pending the ongoing criminal charges.

When faced with uncertainty regarding whether adjudication of a § 1983 claim will impact a potential criminal conviction, courts in this Circuit have concluded that the civil proceeding should be stayed until the pending criminal case has run its course. *See Billiot v. Beavers*, 2015 WL 4397108, at *2 (E.D. La. July 13, 2015) (citing *Guillory v. Wheeler*, 303 F. Supp. 2d 808 (M.D. La. 2004) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)); *see also Quinn v. Guerrero*, 2010 WL 412901 at *2 (E.D. Tex. January 28, 2010); *Busick v. City of Madison Mississippi*, 90 Fed. App'x 713, 713–14 (5th Cir. 2004) (per curiam) (holding that where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff has received or might receive because of ongoing criminal proceedings, the district court should have stayed the civil proceedings pending resolution of the criminal charges against plaintiff).

The Magistrate Judge concluded that it is unclear at this point whether Plaintiff's excessive force claims necessarily implicate the validity of any conviction or sentence that Plaintiff may receive on the battery charges. The parties dispute whether the alleged battery occurred before, during or after the Defendants used excessive force against the Plaintiff, as alleged in the Complaint.

The Magistrate Judge further concluded that although only three of the seven Defendants are mentioned in the Bill of Information, courts in this Circuit

have previously stayed an entire proceeding pending resolution of a plaintiff's criminal charges, even when the charges do not involve all of the defendants. *See Jones v. Montgomery*, 2011 WL 6003950 (W.D. La. October 25, 2011) (staying "plaintiff's excessive force complaint" against three prison officials pending resolution of plaintiff's criminal charge for battery of one of the officials); *Guillory v. Wheeler*, 303 F. Supp. 2d 808 (M.D. La. 2004) (staying a case brought against several police officers and a village pending resolution of the plaintiff's pending criminal charge for battery of one of the police officers).

### III. CONCLUSION

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (*Id.* at p. 1). Neither party objected.

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 27)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Stay (Doc. 22)** is **GRANTED** and this matter is **STAYED** in its entirety until the criminal proceeding against Plaintiff is completed.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from the Court.

Baton Rouge, Louisiana, this 30th day of November, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**