UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DARVIN CASTRO SANTOS | CIVIL ACTION |
| VERSUS | |
| CRAIG WHITE, ET AL. | NO.: 16-00598-BAJ-EWD |

### RULING AND ORDER

Before the Court are Defendants Craig White, John Wells, Allen Verret, and Ashley Martell's **Motion for Summary Judgment (Doc. 70)**. For the reasons that follow, Defendants' Motion is **GRANTED**.

I. BACKGROUND

A. Prison Altercation

This matter arises from allegations of excessive force at a correctional facility. Plaintiff is a prisoner currently incarcerated in the Louisiana State Penitentiary but was incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana at the time of the event on which this suit is based. On January 28, 2016, around 4:30 p.m., Plaintiff alleges that he was walking into his dorm when he witnessed six correctional officers beating an inmate named Charlie Morris. (Doc. 1 at p. 4). Plaintiff alleges that he pleaded with officers to stop hitting Morris. Plaintiff alleges that the officers told him, "shut up, this is not your business." Plaintiff alleges that these same officers then jumped on him and began to hit and kick him, knocking Plaintiff to the ground.

1

Plaintiff claims that he was forcefully and tightly handcuffed and thrown on an empty metal bed. (Id.).

Plaintiff further claims that Colonel Allen Verret ("Col. Verret") then grabbed him by the throat and choked him while Captain Billy Verret ("Capt. Verret"), Lieutenant Jarrod Verret ("Lt. Verret"), Major Craig White ("Major White"), and Captain John Wells ("Capt. Wells") struck his face and body with their fists and radios. (Id.). Plaintiff alleges that the officers dragged him from his dorm to another unit while continuously beating him and causing his head to hit the poles in the walkway. (Id.). Upon arrival to the unit, the officers allegedly threw Plaintiff to the ground and continued to beat him.

Plaintiff alleges that was he was placed in a shower cell alone for an extended period of time. Plaintiff claims he sustained cuts from the beating and that his hands were swollen from the tightness of the handcuffs (Id. at p. 5). Plaintiff alleges that Capt. Wells eventually came to the cell with Sergeant Justin Washington and ordered him to approach the bars of the cell door to remove his handcuffs. Plaintiff claims that when he approached the bars of the cell door, Capt. Wells sprayed him in the face with a chemical agent and made racially charged statements. (Id.). Soon thereafter, Plaintiff's handcuffs were removed, and Plaintiff claims he was ordered to remove his clothing. Plaintiff alleges that Capt. Wells then sprayed the chemical agent on his genitals and anus. (Id. at p. 6). When Plaintiff turned on the shower to wash away the chemical agent, he claims he was ordered by Capt. Wells to turn off the shower and put on a jumpsuit. Capt. Wells then allegedly escorted him from the

shower cell to another area where Capt. Wells retrieved a folded knife, which Plaintiff alleges was about 5 inches long. (Id. at p. 7). Plaintiff claims that Capt. Wells cut him and threatened to kill him with the knife.

**B. Plaintiff's Alleged Injuries from the Incident**

Plaintiff was later transported to a diagnostic center where he was cleaned up. Plaintiff alleges that the Emergency Medical Technicians refused to stitch his hand and face to conceal the fact that he was beaten. (Id. at p. 8). Plaintiff asserts that the medical technicians refused to give him medicine for his pain. Plaintiff further asserts that he was kept in isolation for three to four days while his repeated requests for medical attention for his wounds were ignored. Plaintiff alleges that he was never allowed to see a doctor during his time at the diagnostic center. (Id.).

Plaintiff further alleges that he suffered acute injury and multiple serious and prolonged injuries including, but not limited to, his anus, arm, back, chest, face, genitals, hands, shoulder, and ribs. (Id. at p. 11). Plaintiff further alleges that he suffered scarring on his legs and arms from the leg irons and handcuffs and has difficulty with sight since the incident. Plaintiff further claims that he has blood clots in both eyes, on the back of his legs, on his face, and suffers from discomfort, humiliation, burning in his respiratory system, mental and emotional injury, medical expenses, and lost wages. (Id.).

**C. Prison Disciplinary Proceeding**

As a result of the altercation, Plaintiff was issued several disciplinary reports for violations such as "aggravated disobedience", "defiance", "property destruction",

3

"entrance into an unauthorized area."[1] On February 1, 2016, the prison disciplinary board found Plaintiff guilty on nine rule violations. Plaintiff received a combined sentence of isolation for a period of twenty days and the forfeiture of 180 days of good time. Plaintiff also received the loss of canteen privileges for a period of eighteen weeks and thirty weeks loss of phone restrictions.[2]

### D. Procedural History

On September 10, 2016, Plaintiff filed a lawsuit under 42 U.S.C. §1983 (Doc. 1), alleging unreasonable use of excessive force. Plaintiff later amended his Complaint (Doc. 45) to add Sgt. Washington as a defendant. Defendants responded with an Answer (Doc. 20), denying all allegations. On August 14, 2018, Plaintiff filed a Motion to Dismiss (Doc. 63) to dismiss Defendants Sgt. Washington, Lt. Verret, and Lt. Troy Rogers, which the Court granted. (Doc. 69). Plaintiff filed his Second Amended Complaint (Doc. 66) on September 17, 2018, adding Lieutenant Ashley Martell as a defendant. On July 22, 2019, Defendants filed this Motion for Summary Judgment, asserting that Plaintiff's §1983 action is barred by the *Heck* doctrine.

## II.  LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in

---

[1] Doc. 71.
[2] Id.

4

the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

Federal law provides a cause of action against "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State..., subjects, or causes to be subjected, any citizen... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws...." 42 U.S.C. §1983. To state a claim under §1983, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) show that the deprivation was committed by a person acting under color of state law. *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). Although §1983 actions are potent proceedings designed to vindicate deprived rights, they are often vulnerable to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), otherwise known as the "*Heck* doctrine."

### A. Heck v. Humphrey

Defendants contend that the success of Plaintiff's claims would necessarily implicate the validity of the prison disciplinary proceedings in which Plaintiff was found guilty of multiple violations. Under *Heck*, a §1983 claim must be dismissed if the adjudication of the claim would imply the invalidity of a plaintiff's prior criminal convictions or sentence. *Heck*, 512 U.S. at 486-87. In the summary judgment analysis, the presence of a genuine issue of material fact in the basis for the conviction does not preclude the application of *Heck*. The *Heck* doctrine rests on the "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* However, the constitutional violation claim will

not be barred "if the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim." *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

The *Heck* doctrine also applies to prison disciplinary proceedings. A conviction, for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits. *Heck*, 512 U.S. at 189. "The conviction, in the prison disciplinary sense, is the finding of guilt on the disciplinary charge, and if success of the plaintiff's §1983 claim necessarily would imply the invalidity of that finding, then *Heck* bars the claim until such time as its requirements are satisfied." *Id. (citing Stone-Bey v. Barnes*, 120 F.3d 718, 721 (7th Cir. 1997)). The disciplinary ruling must first be reversed, expunged, or otherwise declared invalid.

Plaintiff was found guilty on multiple disciplinary reports. These violations included: (1) refusing direct verbal orders of several corrections officers for Plaintiff to comply after being restrained; (2) striking Capt. Wells in his eyes, nose, and mouth; (3) severely damaging Capt. Wells' dentures; (4) refusing to obey direct verbal orders to approach the bars to allow Capt. Wells to remove his restraints; (5) threatening to kill corrections officers; (6) kicking and spitting in Lt. Ashley Martell's face; (7) failing to comply with Major White's orders to exit the tier; and (8) refusing direct verbal orders which necessitated Capt. Wells' use of chemical agent to gain Plaintiff's compliance. (Doc. 70-1 at p. 7).[3]

---

[3] See Doc. 71, Exhibits 2, and 3, and 4.

After a review of Plaintiff's disciplinary proceeding record, the Court finds that a favorable verdict on Plaintiff's excessive force claim would undermine his convictions. The facts of Plaintiff's excessive force allegation are the same as the basis for his convictions; therefore, the facts do not differ temporally and conceptually in a manner that permits the claim to proceed. If the Court were to rule in favor of Plaintiff on these facts, it would directly challenge the validity of his convictions. Plaintiff must first have his convictions reversed, expunged, or invalidated before bringing an §1983 action on this set of facts. The Court also finds that Plaintiff has not provided any evidence that the convictions from his disciplinary proceeding have been reversed, expunged, or declared invalid. Thus, the Court finds that Plaintiff's claims against Defendants are barred pursuant to the *Heck* doctrine.

**B. Claim for Relief Costs and Attorney's Fees**

Plaintiff seeks attorney's fees and costs pursuant to 42 U.S.C. §1988 and punitive damages under §1983. Under §1988, the Court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. The Court declines to exercise its discretion to award attorney's fees, costs, and punitive damages to Plaintiff, as he is not the prevailing party in this matter.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Summary Judgment (Doc. 70)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the remaining Defendants are **DISMISSED**.

Baton Rouge, Louisiana, this 7th day of January, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**